**NATIONAL LABOR RELATIONS BOARD v. AMERICAN LAUNDRY MACH. CO.**

No. 16.

Circuit Court of Appeals, Second Circuit.

Oct. 29, 1943.

---

[1] 41 Col.L.Rev. 911, 29 Geo.L.J. 1026, 39 Mich.L.Rev. 1219, 27 Va.L.Rev. 956, 26 Wash.U.L.Q. 554; cf. 53 Harv.L.Rev. 472.

Peter J. Crotty, of Buffalo, N. Y., and Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and David Findling, and Dominick L. Manoli, Attys., National Labor Relations Board, all of Washington, D. C., for the Board.

Percival D. Oviatt, John D. Sullivan, Gen. Counsel, and Charles D. Mercer, Asst. Counsel, all of Rochester, N. Y., for respondent.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The National Labor Relations Board moves for an order of this court to enforce one of its own orders, directing the respondent to "cease and desist" from discouraging membership in a local of the Congress of Industrial Organizations, and from "In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization * * * and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection as guaranteed in Section 7 of the Act." In addition, the order directed the respondent to reinstate four employees, one of whom was in the armed services, and whose reinstatement was to await his return.

Early in the year 1942 some of the respondent's employees began to organize a local of the Congress of Industrial Organizations; and there was ample testimony, if believed, that the respondent's manager and two of its foremen were active in discouraging their efforts. That finding alone is sufficient to justify the order so far as it forbids the continuation of such activities. The discharge of the four employees depended upon the respondent's motive and necessarily rested upon inference. They had all been active in the organization of the union, and they were all discharged a few days after they began to agitate to that end. The testimony would have permitted an inference contrary to the finding, but certainly did not demand one, once the credibility of the Board's witnesses is conceded. It is curious that after the repeated decisions of the courts the Board's findings should continue to be challenged when that is the situation. Indeed, in the case at bar even upon the bare record it seems to us extremely probable that the findings were right.

The respondent objects to the general injunction in the order forbidding it to interfere "in any other manner" with the rights guaranteed its employees under section seven of the act, alleging that this is contrary to the decision of the Supreme Court in National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930. We have discussed this point in National Labor Relations Board v. Standard Oil Company, 138 F.2d 885, handed down herewith, to which we refer.

The respondent also complains that the words, "net earnings," may be construed to cover only actual net earnings, and not those which the employee might with reasonable diligence have earned. This phrase in our order will be understood to have the meaning which the Supreme Court put upon it in Phelps-Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 197–200, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217.

The enforcement order may pass.